UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY LEE BROWN,

                Plaintiff,                                Case No: 1:13-cv-99

v                                                 HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's three objections to the Report and Recommendation. Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff argued that the decision should be overturned based on the following purported errors committed by the ALJ:

    I.      THE ALJ FAILED TO PROPERLY WEIGH THE MEDICAL EVIDENCE;

    II.     THE ALJ FAILED TO PROPERLY EVALUATE MR. BROWN'S CREDIBILITY;

III.    THE  ALJ  RELIED  UPON  FLAWED  VOCATIONAL  EXPERT
        TESTIMONY.

(Dkt 12 at 10, 17, 19).  The Magistrate Judge rejected all three of Plaintiff's arguments.  In his

objections to the Magistrate Judge's Report and Recommendation, Plaintiff presents the same three

purported errors by the ALJ for this Court's review (Dkt 16 at 2, 9, 10).  However, Plaintiff's

objections do not demonstrate any factual or legal error by the Magistrate Judge in his review of the

ALJ's decision.

# I

Plaintiff first objects to the Magistrate Judge's recommendation that this Court find that the

ALJ properly evaluated two opinions: (1) the opinion of his treating physician, Charles R. Barker,

Jr., D.O.; and (2) the opinion of his therapist, social worker Emily Barr (Objs., Dkt 16 at 2-3).  The

Court will examine each part of Plaintiff's first objection, in turn.

***Dr. Barker.***  The ALJ carefully summarized Plaintiff's medical record, concluding, in part,

that "the record reflects generally unremarkable physical findings" and that "medication has been

relatively effective in controlling the claimant's symptoms [of depression]" (Decision, Dkt 6-2 at

49-51).  The ALJ then turned to opinion evidence, concluding, with regard to Dr. Barker, that Dr.

Barker's opinion regarding Plaintiff's physical limitations and disability was inconsistent with the

"objective medical record," the doctor's "own treatment or examination records," and the fact that

the doctor did not refer Plaintiff to a specialist for additional treatment (Dkt 6-2 at 51).  The

Magistrate Judge, citing Sixth Circuit decisions in support of the proposition that inconsistencies

between proffered restrictions and underlying treatment records are "good reasons" for discounting

a treating source's opinions, determined that the ALJ's evaluation of Dr. Barker's opinion did not

violate the treating physician rule (R&R, Dkt 15 at 18, citing *Hill v. Comm'r of Soc. Sec.*, 560 F.

2

App'x 547, 549-50 (6th Cir. 2014); *Fry v. Comm'r of Soc. Sec.*, 476 F. App'x 73, 75-76 (6th Cir. 2012)).

In his objections, Plaintiff reiterates his argument that the ALJ's "brief evaluation" of Dr. Barker's opinion was "insufficient," pointing out that the ALJ "fails to cite to the allegedly inconsistent findings or explain how they are inconsistent" (Objs., Dkt 16 at 3). Plaintiff also asserts that Dr. Barker's findings are, in fact, consistent with the underlying medical records (*id.* at 4).

However, the Court agrees with the Magistrate Judge's determination that the ALJ's decision, on whole, complied with the procedural requirement of providing "good reasons" for the weight she accorded to Dr. Barker's opinion and adequately explained the consideration given to Dr. Barker's opinion. *See generally Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). That Plaintiff ultimately disagrees with the weight the ALJ gave Dr. Barker's opinion does not demonstrate error requiring reversal. *See Bass v. McMahon*, 499 F.3d 506, 512 (6th Cir. 2007) ("*Wilson* requires reversal when a treating physician's opinion was ignored and no reasons for doing so were provided. . . . That is not the case we have here.").

***Social Worker Barr.*** Regarding Plaintiff's therapist, social work Barr, the ALJ delineated Barr's opinions and concluded that her opinions were not consistent with the "objective medical evidence, the opinion of the DDS reviewer, or the opinion of the consultative examiner" (Decision, Dkt 6-2 at 51-52). Reciting the applicable legal standard, the Magistrate Judge found no error in the ALJ's decision to give little weight to Barr's opinion (R&R, Dkt 15 at 13).

In his objections, Plaintiff reiterates his argument that the ALJ's "conclusory rejection of Ms. Barr's opinions was insufficient" (Objs., Dkt 16 at 6). Plaintiff asserts that the ALJ failed to address deficiencies in the psychiatric evidence and failed to apply the required factors (*id.* at 8-9).

However, the Court agrees with the Magistrate Judge's determination that the ALJ complied with the regulations requiring that information from other sources be "considered." *See generally Titles II & XVI:II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental Agencies*, SSR 06-03P (S.S.A. Aug. 9, 2006), 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1513, 416.913).  The ALJ's decision, which summarized Plaintiff's medical record and delineated three reasons for assigning Barr's opinion little weight, on whole, allows Plaintiff and subsequent reviewers to follow the ALJ's reasoning. *See id.* at *7. *Contrast Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (reversing where the ALJ failed to mention the claimant's treating counselor in the analysis of the claimant's diagnosis and RFC and gave "no reasons for not crediting her opinions"); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (reversing where the ALJ's only explanation for discounting the opinion of the other source was that the source was "neither a medical doctor nor a vocational expert, and thus lacks the credentials for making such a determination").

Plaintiff's disagreement with how the ALJ weighed Barr's opinion and the psychiatric evidence does not demonstrate error requiring reversal.  Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports the conclusions she reached. *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 177-78 (6th Cir. 2009); *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

The Magistrate Judge accurately enunciated the standards of review and properly determined that the ALJ's weighing of the opinions is supported by substantial evidence in the record. Plaintiff's first objection is therefore denied.

## II

Second, Plaintiff objects to the Magistrate Judge's recommendation that this Court find the ALJ properly evaluated his credibility. An ALJ's credibility determination may not be disturbed absent "compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Svcs.*, 820 F.2d 777, 780 (6th Cir. 1987) (ALJ's credibility determination "should not be discarded lightly"); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case de novo, ... nor decide questions of credibility.")). Indeed, the Sixth Circuit Court of Appeals has opined that an administrative law judge's credibility findings are "virtually 'unchallengeable.'" *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511-12 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112-13 (6th Cir. 2010)).

Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the [] residual functional capacity [RFC] assessment" (Decision, Dkt 6-2 at 48). The ALJ found that Plaintiff's X-rays, MRIs and exam findings were also "not consistent with the claimant's claims of disabling pain" (*id.* at 49). Next, the ALJ found that "[t]he claimant described daily activities, which are not limited to the extent one would expect given the complaints of disabling symptoms and limitation" (*id.* at 50). The ALJ determined that Plaintiff's reported activities of daily living were instead consistent with the RFC (*id.*). Last, the ALJ noted that Plaintiff had given several inconsistent statements about the frequency with which he used alcohol, opining that "the

inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable" (*id.* at 51).

On appeal, Plaintiff argued that his testimony about his symptoms, limitations, limited daily activities, and lack of significant response to treatment was, in fact, "consistent with the medical record" (Dkt 12 at 18-19). However, the Magistrate Judge rejected Plaintiff's arguments and decided that "[t]he ALJ's explanation of her factual finding regarding [P]laintiff's credibility is more than sufficient and is supported by more than substantial evidence" (R&R, Dkt 15 at 20).

In his objections to the Report and Recommendation, Plaintiff argues that the purported inconsistencies in how he reported his alcohol use is "not particularly relevant since the ALJ did not find alcohol use material to the determination of disability" (Objs., Dkt 16 at 9). Plaintiff also reiterates his argument that his testimony about his activities of daily living did not contradict "his other allegations" (*id.* at 10).

However, Plaintiff misapprehends the Magistrate Judge's standard of review. The Magistrate Judge was not required to determine whether Plaintiff's complaints were consistent with the substantial evidence in this case. Rather, the Magistrate Judge was required to determine whether the ALJ's credibility determination was supported by substantial evidence. *See generally Ritchie*, 540 F. App'x at 511; *Payne*, 402 F. App'x at 112-16. The Court agrees with the Magistrate Judge that no "compelling" reason exists to disturb the credibility findings by the administrative law judge in this case. Therefore, Plaintiff's second objection is also denied.

### III

Plaintiff's last objection concerns the Magistrate Judge's recommendation that this Court find the ALJ relied on appropriate vocational expert testimony.  A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.  *Smith*, 307 F.3d at 378 (citing *Varley*, 820 F.2d at 779).  According to Plaintiff, the hypothetical posed to the vocational expert was "not accurate" because it "did not accurately account for all the restrictions found in social functioning or concentration, persistence, or pace" (Objs., Dkt 16 at 11).  However, Plaintiff's argument depends on the credibility of his complaints and the weight he advocates assigning to Dr. Barker's and social worker Barr's opinions, propositions that the ALJ rejected, and that Plaintiff has not successfully challenged on appeal.  The Magistrate Judge properly determined that the hypothetical question the ALJ posed to the vocational expert was accurate and the vocational expert's testimony in response provided substantial evidence supporting the ALJ's decision (R&R, Dkt 15 at 24-25).  Plaintiff's third objection is denied.

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 16) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 15) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.  A Judgment will be entered consistent with this Opinion and Order.

Dated: January 29, 2015                          /s/ Janet T. Neff
                                                 JANET T. NEFF
                                                 United States District Judge

7